IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZANE FARRAR,<br><br>          Plaintiff,<br><br>v.<br><br>CAM TRANSPORT, INC., and<br>JONATHAN WILSON, JR.,<br><br>          Defendants. | Case No. 25-cv-1354-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On July 11, 2025, Plaintiff Zane Farrar filed this action seeking damages for injuries he allegedly sustained when a semi-truck, owned by Defendant CAM Transport Inc., and driven by Jonathan Wilson, Jr., allegedly hit a vehicle and caused that vehicle to collide with another vehicle in which Farrar was a passenger.

Farrar invokes the Court's diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 1). Unfortunately, however, Farrar has failed to properly allege his own citizenship, as well as that of Defendant Jonathan Wilson, Jr. Farrar alleges that he is a "resident of Clay City, Illinois," and that Defendant Wilson is "[u]pon information and belief" "a resident of the State of Mississippi." (Doc. 1, para. 1, 9).[1] However, "residence and citizenship are not synonymous, and it is the latter that matters for

---

[1] In an earlier portion of the Complaint, Farrar does allege that Wilson is a "citizen of the state of Mississippi" (Doc. 1, para. 3), but he then changes it to resident based upon "information and belief" in the fact section (Doc. 1, para. 9).

purposes of diversity jurisdiction." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The citizenship of a natural person for diversity purposes is determined, of course, by the person's domicile, *see Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n. 4 (7th Cir. 1994), which means the state where the person is physically present with an intent to remain there indefinitely. *See Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993). Moreover, jurisdictional allegations must be made on *personal knowledge* to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement made "'to the best of my knowledge and belief' is insufficient" to invoke diversity jurisdiction "because it says nothing about citizenship"). Accordingly, Farrar is **ORDERED** to file an Amended Complaint that properly invokes the Court's subject matter jurisdiction within **seven days** (on or before **January 20, 2026**). Failure to do so will result in the dismissal of this action for lack of subject matter jurisdiction.

In addition, more than 180 days have passed since Farrar filed his complaint, and there is nothing in the docket reflecting that Defendants have been served with process. Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, the Court finds it appropriate to direct that service be made (and proof of service be filed with the Court)

within **21 days** (on or before **February 3, 2026**). Otherwise, the Court will dismiss this action without prejudice pursuant to Rule 4(m).

    **IT IS SO ORDERED.**

    **DATED:  January 13, 2026**

                                                          **NANCY J. ROSENSTENGEL**
                                                          **United States District Judge**